UNITED STATES BANKRUPTCY JUDGE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:                                            :
                                                  :         Chapter 11
ERROL WALTERS,                                    :         Case No. 14-10119 (SMB)
                                                  :
          Debtor.                                 :
------------------------------------------------------X

## MEMORANDUM DECISION DENYING DEBTOR'S MOTION FOR A DECLARATION THAT HIS LOANS WERE DISCHARGED AND GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**A P P E A R A N C E S:**

ERROL WALTERS
*Debtor Pro Se*
318 West 138 Street, 2R
New York, New York 10032

FRENKEL, LAMBERT, WEISS, WEISMAN & GORDON, LLP
*Attorneys for Wells Fargo Bank, N.A. and Select Portfolio Servicing, Inc.*
53 Gibson Street
Bay Shore, New York 11706

       Karen Sheehan, Esq.
            Of Counsel

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

       Errol Walters, a chapter 11 debtor, has moved for a determination that his secured loans were discharged when he issued certain promissory notes to his three mortgagees. (*Motion Showing that the Loans Were Discharged*, dated Mar. 2, 2015 ("*Debtor's Motion*") (ECF Doc. # 40.)  Wells Fargo Bank, N.A., ("Wells Fargo")  as Trustee, for the certificate holders of Asset-Backed Pass-Through Certificates, Series 2005-WCW2 through its servicer, Select Portfolio Servicing, Inc. ("Select"), one of the mortgagees, has separately moved for relief from the automatic stay to foreclose its mortgage.

(*Motion for Relief From the Automatic Stay*, dated May 29, 2015 (“*Wells Fargo’s Motion*”) (ECF Doc. # 48.) For the reasons that follow, the *Debtor’s Motion* is denied and *Wells Fargo’s Motion* is granted.

**BACKGROUND**

Walters filed his chapter 11 petition on January 14, 2014. (*Voluntary Petition for Relief Under Chapter 11*, dated Jan. 21, 2014 (“Petition”) (ECF Doc. # 1).)[1] He is an accountant residing at 891 Barbara Drive, Teaneck, New Jersey. (*Declaration of Errol Walters Pursuant to Local Rule 1007-2*, sworn to Feb. 19, 2014 (“*Walters Declaration*”) (ECF Doc. # 16).) According to the schedules filed in this case, he owns two parcels of real property. One parcel is located at 551 West 161st Street, New York, New York 10032 (the “New York Property”). The New York Property is subject to the Wells Fargo mortgage. Schedule A valued the New York Property in the sum of $650,000 and listed Wells Fargo’s secured claim at $1,330,000. The second property is located at 741 St. Ouen Street, Bronx, New York 10470 (the “Bronx Property”). Schedule A stated that the Bronx Property was subject to two mortgages aggregating $790,000, and valued the Bronx Property in the amount of $400,000. Ocwen Loan Servicing, LLC (“Ocwen”) is apparently the servicer for the larger, first mortgage in the sum of $645,000, and Real Time Resolutions (“Real Time”) is apparently the servicer of the smaller, second mortgage scheduled in the sum of $145,000. (*See* Schedule A).

In 2007, Wells Fargo commenced an action to foreclose its mortgage on the New York Property. Walters defaulted, and Wells Fargo moved for an order of reference. The

---

[1] Walters filed an Amended Petition together with his schedules and statement of financial affairs on February 19, 2014. (*Amended Petition for Relief Under Chapter 11*, dated Feb. 19, 2014 (“Amended Petition”) (ECF Doc. # 15).)

state court granted the motion, appointed a referee to compute the amount due to Wells Fargo and eventually entered a Judgment of Foreclosure and Sale on June 4, 2008 in the amount of $812,207.09.  Walters thereafter unsuccessfully sought to vacate the judgment. (*See Affirmation in Opposition to Motion to Discharge Loans*, dated March 26, 2015 ("*Opposition Affirmation*"), at ¶¶ 2-3 & Ex. A & B) (ECF Doc. # 41).)

On January 21, 2014, the same day he filed his chapter 11 petition,[2] Walters issued an International Promissory Note to Select in the amount of $1,321,230.85 (the "Select Note").  (*See Debtor's Motion* at p. 9 of 100.[3])  The Select Note contained various pieces of information and statements of law.  For example, it listed an Account Number and IRS/Treasury Account Number (along with a Federal Reserve Bank Trace Number) which were presumably assigned to or created for the benefit of Walters.  It stated that the Select Note was "Legal Tender for all debts, both public and private, payable in United States Dollars (USD)," was "backed by the full faith and Credit of the United States Government pursuant to 31 U.S.C. § 3123, 12 U.S.C. 95a(2)," and was "Redeemable in Lawful U.S. Currency of Exchange (12 U.S.C. § 411)."  The Select Note was signed by Walters for and on behalf of "ERROL B WALTERS, Errol B of the Walters Family, Secured Party Creditor, TEANECK, NATION OF NEW JERSEY, Non-Domestic without UNITED STATES."  The top of the Select Note referred to the United Nations (UNCITRAL) Convention on International Bills of Exchange and International Promissory Notes Articles 2-10, 12, 13, 36, 39, 46(3), 47 and 55, 12 U.S.C. § 411 and 18

---

[2]    According to the receipt generated by the Court's CM/ECF system, Walters filed his chapter 11 petition at 5:03 p.m.

[3]    The page references in the *Debtor's Motion* refer to the numbers assigned automatically by the Court's CM/ECF system.

U.S.C. § 8.  The bottom of the Select Note stated "Upon delivery of this payment to receiving party, that receiving party has 72 hours (3 business days) to deny or accept this payment or return to provider.  Failure to deny and return constitutes acceptance of this payment in full . . .  This settles the payment of the above stated debt in full up to the amount indicated."  (*Id.*)  Walters issued similar International Promissory Notes to Real Time, also on January 21, 2014, in the amount of $82,853.88 (the "Real Time Note"), (*Debtor's Motion* at p. 5 of 100), and to Ocwen on August 20, 2014 in the amount of $669,254.48 (the "Ocwen Note" and together with the Select Note and the Real Time Note, the "Notes").  (*Id.* at p. 4 of 100.)

On July 31, 2014, Walters submitted a series of documents directed to the Court and the United States Trustee that objected to the Court's personal jurisdiction over him and instructed the Court to "to immediately vacate all legal and collection actions in this case and provide confirmation of same."  (*See Letter Re: Personal Jurisdiction Challenge*, dated July. 31, 2014 ("*Jurisdiction Letter*"), at p. 1 of 9 (ECF Doc. # 25).)  Penalties for non-compliance included "monetary fines, removal from position, arrest and trial in the world court for crimes against humanity."  (*Id.*; *accord* pp. 6-7 of 9.)  The *Jurisdiction Letter* included a Zero Balance Directive that required all creditors to zero out any outstanding balances owed by Walters and imposed other obligations on the creditors relating to the zeroed out debts.  (*Id.* at pp. 2-4 of 9.)

Finally, the *Jurisdictional Letter* attached a document that purported to be a letter from Pope Francis, dated July 11, 2013, and apparently provided the basis for some of Walters' statements and directives.  (*Id.* at 8-9 of 9.)  Walters included the text from a

4

genuine apostolic letter[4] but also added bracketed text written in red type. Certain of the added text explained:

> [Synopsis: Church = People = Trust
>
> The Vatican created a world trust using the birth certificate to capture the value of each individual's future productive energy. Each state, province and country in the fiat monetary system, contributes their people's value to this world trust identified by the SS, SIN or EIN numbers (for example) maintained in the Vatican registry. Corporations worldwide (individuals became corporate fictions through their birth certificate) are connected to the Vatican through law (Vatican to Crown to BAR to laws to judge to people) and through money (Vatican birth accounts value to IMF to Treasury (Federal Reserve) to banks to people (loans) to judges (administration) and sheriffs (confiscation).
>
> Judges administer the birth trust account in court matters favoring the court and the banks, acting as the "beneficiary" since they have not properly advised the "true beneficiary" of their own trust. Judges, attorneys, bankers, lawmakers, law enforcement and all public officials (servants) are now held personally liable for their confiscation of true beneficiary's homes, cars, money and assets; false imprisonment, deception, harassment, and conversion of the true beneficiary's trust funds.]

On January 2, 2015, Walters sent a letter to Richard L. Cooperstein, Chief Financial Officer of Ocwen, stating that Ocwen had received and accepted the Ocwen Note. Walters requested that Ocwen "inform the 'borrower' of the reasons the lien was not removed from the property." (*See Debtor's Motion* at p. 6 of 100.) There is no evidence that Ocwen responded.

Walters also exchanged correspondence with Select. Select told him in no uncertain terms that the Select Note was invalid, and that it would not record a satisfaction of its lien. (*See Opposition Affirmation*, Ex. C; *Debtor's Motion* at pp. 10-11

---

[4] *See* Pope Francis, *An Apostolic Letter issued Motu Proprio, On the Jurisdiction of Judicial Authorities of Vatican City State in Criminal Matters* (July 11, 2013), available at https://w2.vatican.va/content/francesco/en/motu_proprio/documents/papa-francesco-motu-proprio_20130711_organi-giudiziari.html.

of 100.) In addition, Select filed a secured proof of claim in this case in the amount of $1,317,524.21 on or about October 14, 2014.

**A.    Debtor's Motion**

On March 3, 2015, Walters filed the *Debtor's Motion*. Among other things, Walters seeks to discharge the Notes. His supporting authorities include House Joint Resolution 192 ("HJR 192"),[5] Public Law 89-719,[6] Executive Orders 6073, 6102, 6111 and 6260,[7] 12 U.S.C. § 95b,[8] and UCC § 3-603.[9] He also re-filed his version of the July 11, 2013 letter from Pope Francis. (*Debtor's Motion*, pp. 28-30 of 100.) Walters alleges that pursuant to this legal authority, his loans have been discharged. Additionally, Walters claims that the Select Note was not rejected and returned and that the accompanying affidavits were never rebutted. (*See Debtor's Motion* at pp. 1-2 of 100.)

Suffice it to say that Select opposed the *Debtor's Motion*.

---

[5]    HJR 192, titled, "To assure uniform value to the coins and currencies of the United States," states that obligations requiring payment "in gold or a particular kind of coin or currency, or in an amount in money of the United States measured thereby" are against public policy, and that U.S. currency is legal tender for all debts. *See* H.J.R. Res. 192, 73d Cong. (1933). HJR 192 is also known as Public Resolution No. 10 of the 73rd Congress. The enactment of this resolution by Public Law 73-10 suspended the gold standard in the United States. Courts have widely rejected arguments seeking relief pursuant to theories based on Public Law 73-10. *See McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 214 (D. Conn. 2010) (collecting cases).

[6]    Public Law 89-719 amended the Internal Revenue Code of 1954 with respect to the priority and effect of Federal tax liens and levies. *See* 89 P.L. 719, 80 Stat. 1125.

[7]    Exec. Order No. 6073 concerned the reopening of banks in 1933; Exec. Order No. 6102 required of gold coin, gold bullion and gold certificates to be delivered to the Government; Exec. Order No. 6111 dealt with transactions in foreign exchange; and Exec. Order No. 6260 addressed the hoarding and exporting of gold.

[8]    12 U.S.C.A. § 95a concerns the regulation of transactions in foreign exchange of gold and silver; property transfers; vested interests, enforcement and penalties.

[9]    UCC 3-603 concerns the effect of tender of payment.

**B.     Walters' Chapter 13 Case**

On June 1, 2015, Walters filed a joint *pro se* petition with Paul Scott. The schedules filed in the chapter 13 case do not list the New York Property. In fact, Walters apparently transferred the New York Property to Skygate 010 LLC pursuant to a Bargain and Sale Deed with Covenant Against Grantor's Acts, dated Sept. 9, 2014.[10] The Court never approved the transfer.

## DISCUSSION

**A.     The *Debtor's Motion***

The Notes Walters issued did not discharge the underlying indebtedness because the Notes were not legal tender. *See Blocker v. U.S. Bank, N.A.*, 993 N.E.2d 1154, 1157-58 (Ind. Ct. App. 2013) (rejecting mortgagors' effort to discharge mortgage through delivery of an International Promissory Note drawn on the U.S. Treasury). The mortgagees bargained for cash, and they are entitled to cash. If Walters intends to discharge his mortgage debt through the issuance of new debt, he must do it under a chapter 11 plan. *See* 11 U.S.C. § 1129(b)(2)(A)(i).

Furthermore, Select filed a secured proof of claim to which no objection was made. Consequently, its claim is deemed allowed, 11 U.S.C. § 502(a), as a secured claim up to the value of its collateral and as an unsecured claim for the balance. 11 U.S.C. § 506(b). Even if the *Debtor's Motion* were viewed as a claim objection, it fails on the merits for the reasons stated. Finally, the Ocwen Note was issued several months after the petition date. The issuance of the Ocwen Note was a transaction outside of the

---

[10] A copy of the deed is attached as Exhibit E to the *Motion for an Order Appointing a Trustee or Dismissing Case*, dated June 19, 2015. (ECF Doc. # 51.)

ordinary course of business, and required Court approval which Walters did not obtain. *See* 11 U.S.C. § 363(b)(1).

Accordingly, the *Debtor's Motion* is denied.

**B.**     *Wells Fargo's Motion*

Wells Fargo has moved for relief from the automatic stay to continue the foreclosure proceedings with respect to the New York Property on the ground that Walters has failed to pay the mortgage (apparently since 2007), (*see Opposition Affirmation*, Ex. A at 3, ¶ 11), or provide adequate protection. Walters did not file any opposition, perhaps because he purportedly transferred the New York Property, but he opposed the motion at the hearing contending, *inter alia*, that Wells Fargo has failed to provide the original documentation such as the wet ink original of the note supporting its claim.

Bankruptcy Code § 362(d)(1) provides that the Court may grant relief from the automatic stay for cause, including lack of adequate protection.[11] The movant must establish a *prima facie* case for the relief it seeks, *In re Elmira Litho, Inc.*, 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994), but the debtor bears the ultimate burden of persuasion to show that cause does not exist. *See* 11 U.S.C. § 362(g)(2).

Here, Wells Fargo obtained a judgment of foreclosure, Walters unsuccessfully moved to vacate it and Walters is precluded from challenging Wells Fargo's status as a

---

[11] Under 11 U.S.C. § 362(d)(2), the Court may also grant relief from the automatic stay if the debtor lacks equity in the property and the property is not necessary for an effective reorganization. The Wells Fargo motion does not invoke this section. Although it refers to the fact that Walters lacks equity in the New York Property, (*Wells Fargo's Motion* at ¶ 9), it does not state even in conclusory terms that the New York Property is unnecessary for an effective reorganization.

8

secured creditor or the amount of its claim in this Court.  In addition, Walters has not paid the Wells Fargo mortgage since 2007, and his schedules in this case show that the New York Property is underwater and does not provide an equity cushion.   Under the circumstances, his longstanding delinquency establishes *prima facie* that Wells Fargo lacks adequate protection.  *See In re Frascatore*, 98 B.R. 710, 721 (Bankr. E.D. Pa. 1989) (granting relief from the stay based on the debtor's failure to pay mortgage for over three years).  Walters has failed to come forward with any evidence to show that Wells Fargo is adequately protected, and accordingly, has not carried his burden of proof.  *Wells Fargo's Motion* is, therefore, granted.

The Court has considered Walters' other arguments and concludes that they lack merit.  Submit separate orders for each motion.

Dated: New York, New York
       June 25, 2015

                                              /s/ *Stuart M. Bernstein*
                                              STUART M. BERNSTEIN
                                              United States Bankruptcy Judge